**CHESAPEAKE UTILITIES CORPORA-
TION, a Delaware Corporation, Defendant
and Third-Party Plaintiff below, Appellant,**

v.

**John W. HOPKINS, Plaintiff below,
Appellee.**

Supreme Court of Delaware.

Argued Feb. 18, 1975.

Decided April 2, 1975.

Rehearing Denied June 4, 1975.

John J. Schmittinger of Schmittinger &
Rodriguez, Dover, for defendant and
third-party plaintiff below, appellant.

Howard M. Berg of Berg, Komissaroff
& Sawyer, Wilmington, for plaintiff be-
low, appellee.

Before HERRMANN, Chief Justice, DUFFY, Associate Justice, and QUILLEN, Chancellor.

HERRMANN, Chief Justice:

In this negligence action, the defendant Chesapeake Utilities Corporation (hereinafter "Chesapeake") appeals the denial of its motion to dismiss the complaint of the plaintiff John W. Hopkins (hereinafter "Hopkins") which was based upon the doctrine of civil death.

Hopkins is a convicted felon, presently imprisoned. In denying Chesapeake's motion, the Superior Court rejected its contentions and held that the doctrine of civil death is not a part of the law of Delaware; that Hopkins has the capacity to maintain his personal injury action despite his felony convictions; and that it is not against the law or public policy of this State to allow a prisoner to appear in court in the prosecution of his claims for civil damages. We agree.

### I.

Defendant argues that under the common law doctrine of civil death, a convicted and imprisoned felon is barred from maintaining a civil action;[1] that the common law doctrine remains the law of Dela-

ware in the absence of any statute or constitutional provision abrogating it. See *Shellhorn and Hill, Inc. v. State*, Del.Supr., 187 A.2d 71 (1962); 21 Am.Jur.2d., *Criminal Law*, §§ 621, 626.

■ Although the applicability of the civil death doctrine in this State is a question of first impression in this Court,[2] we resist the temptation "to explore the ancient and in many respects obsolete learning connected with [it]."[3] The determinative issue presented by this appeal is resolved by the mandate of Art. 1, Sec. 9 of the Delaware Constitution which provides in pertinent part:

"All courts shall be open; and every man for an injury done him in his reputation, person, movable or immovable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial, or unreasonable delay or expense * * *."

By virtue of that constitutional provision, the common law doctrine of civil death, including its concomitant rule denying a sentenced felon the right to bring any legal or equitable action, is not the law of Delaware. A chose in action, such as Hopkins' claim for personal injuries, is a property

---

1. According to Lord Coke, "every person that is attainted of high-treason, petit-treason, or felony is disabled to bring any action: for he is *extra legem positus*, and is accounted in law *civiliter mortuus*." 1 Co.Litt. § 199.

2. In *Cannon v. Windsor*, Del.Super., 1 Houst. 143 (1855), the following dicta appears:
   "By the Court: By the common law in England, a party convicted or attainted of felony, forfeits all his goods and chattels, as well as the profits of his lands, to the sovereign, and is thence incapable of maintaining an action, and is regarded as civilly dead, and out of the protection of the law to that extent at least; yet, when he sues as a plaintiff even there, his disability to do so for this reason must either be pleaded in abatement or specially in bar to the action. But here there is no such general forfeiture of property, or the right to maintain an action, on

a conviction for treason or felony, and the maxim or principle of *civiliter mortuus* cannot therefore apply in this State, even when he is a party plaintiff."

3. See generally, *The Collateral Consequences of a Criminal Conviction*, 23 Vand.L.Rev. 929 (1970); and *Avery v. Everett*, Ct. of Appeals of N. Y., 110 N.Y. 316, 18 N.E. 148 (1888); *Re Lindewall's Will*, Ct. of Appeals of N. Y., 287 N.Y. 347, 39 N.E.2d 907 (1942), annot., 139 *A.L.R.* 1308. Although not without uncertainty, it appears that such an exploration would reveal that civil death, at common law, followed as a consequence of a death sentence, and that the attribute of civil death has been attached to life imprisonment and imprisonment for less than life only by specific statutory enactments since 1776. See Sharswood, IV Blackstone's Commentaries, 380 (1895).

right. Hopkins may not be deprived of that property right without "remedy by the due course of law" guaranteed to him by the Delaware Constitution.

■ We find unacceptable Chesapeake's argument that the existence of other specific constitutional [4] and statutory [5] disability provisions compel the conclusion that the common law doctrine of civil death prevails in this State. Statutes suspending the civil rights of imprisoned felons are penal and may not be extended by implication. 18 C.J.S. *Convicts* § 4. The express constitutional guaranty of "remedy by the due course of law" protecting property rights bars any such implication.

II.

■ The method by which Hopkins will be permitted to pursue his personal injury claim, whether by attending the trial in custody or by deposition, is for the Superior Court's decision in the exercise of its judicial discretion.

■ We note, in passing, that 11 *Del. C.* § 6537 [6] is not exclusive and that the provisions of 11 *Del.C.* Ch. 65, providing for treatment, rehabilitation, and restoration of offenders as useful, law-abiding citizens within the community, are to be liberally construed. See 11 *Del.C.* § 6501.

Affirmed.

## UPON PETITION FOR REARGUMENT

In seeking reargument, Chesapeake points out that we failed to mention its arguments based upon Art. 1, Sec. 15 of the Delaware Constitution.* Chesapeake now contends that the conclusion we have reached herein renders Sec. 15 meaningless, and that the language of that Section "should be given precedence over the general language of Art. 1, Section 9". These contentions deserve comment.

Chesapeake argues that Art. 1, Sec. 15 allows for limited forfeiture of estate, and, therefore, "the way is clear in this State for the common law doctrine of civil death to apply to convicted felons, at least, during the life of the offender." The argument is without merit.

■ Admittedly, the provisions of Sec. 15 can be read to permit a forfeiture of estate during the life of an offender who is placed in a state of "attainder". But even if so read, the provision does not require the sweeping conclusion that the common law doctrine of civil death is established as the law of Delaware. See *Colton v. Wade*, 32 Del.Ch. 122, 80 A.2d 923 (1951); and *Cannon v. Windsor*, 1 Houston 143 (1855).

"Cardinal are the rules that the Constitution and each part thereof must be harmonized and construed as a whole; that it

---

4. *Del.Const.*, Art. 2, § 21 (conviction as ban to public office); Art. 5, § 2 (enabling the General Assembly to impose forfeiture of the right of suffrage as a punishment for crime); Art. 15, § 6 (removal from public office on conviction of infamous crime).

5. Specific civil disability statutes upon criminal conviction include, for example, 12 *Del.C.* § 1508 (as executors or administrators of estates); 13 *Del.C.* §§ 1522, 1523 (as ground for divorce); 13 *Del.C.* § 101(b)(7) (*restrictions on marriage*); 10 *Del.C.* § 4504 (disqualification from jury service), etc.

6. 11 *Del.C.* § 6537 provides:
"§ 6537. Inmate contacts outside institution.
"The Department shall authorize, under reasonable conditions, visits to, and correspondence with, inmates by relatives, friends, and others and temporary release of inmates *for such occasions as* the death of a member of the inmate's family, or interview of the inmate by a prospective employer." (Emphasis added)

* *Del.Const.*, Art. 1, Sec. 15 provides in pertinent part:
"No attainder shall work corruption of blood, nor except during the life of the offender forfeiture of estate * * *."

cannot be presumed that any clause of the Constitution is intended to be without full force and effect." *State v. Roberts,* Del. Supr., 282 A.2d 603, 606 (1971). To hold that the doctrine of civil death is the law of this State by reason of the limited forfeiture exception permitted by Sec. 15 would substantially impair the express protection given certain property rights by Sec. 9. The two Sections must be harmonized; one will not be given precedence over the other. The express constitutional guaranty of "remedy by the due course of law" contained in Sec. 9 bars the implication that the doctrine of civil death prevails in this State by virtue of Sec. 15.

The petition for reargument is denied.