**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| **STEVEN MCLEOD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. N11C-03-111 MJB** |
| | ) | |
| **HUGHEY F. MCLEOD** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**Submitted:** February 18, 2015
**Decided:** March 31, 2015

*Upon Plaintiff's Second Motion for Order to Transport*, **DENIED**.

**OPINION**

Steven A. McLeod, *pro se*, 1050 Big Joe Road, Monticello, Florida 32344.

Cynthia H. Pruitt, Esq., Doroshow, Pasquale, Krawitz & Bhaya, 1208 Kirkwood Highway, Wilmington, Delaware 10805, Attorney for Defendant.

**Brady, J.**

1

## I. INTRODUCTION

This is a personal injury case. Plaintiff Steven A. McLeod ("Plaintiff") alleges that he was sexually abused by his father Defendant Hughey F. McLeod ("Defendant") from approximately December 1967 through January 1972. Both parties were domiciled in Delaware at the time of the alleged abuse, but both now reside in Florida. Plaintiff is incarcerated in Florida serving a life sentence. On April 29, 2011, Plaintiff filed the instant action under 10 *Del. C*. § 8145.

Because he is incarcerated, Plaintiff has repeatedly asked to Court to enter an Order directing the Florida Department of Corrections and the Delaware Department of Corrections to arrange for him to be transported to Wilmington, Delaware for trial and housed in Wilmington during the trial. The Court has already denied Plaintiff's previous Motion to Transport, and the instant Motion is **DENIED** as well.

## II. PREVIOUS REQUESTS TO TRANSPORT

On February 26, 2014, the Court received Plaintiff's letter in which Plaintiff states that this Court "will have to enter an Order to have [Plaintiff] transported up [to Wilmington] to be housed in the New Castle County Jail" during the trial.[1] On March 28, 2014, the Court

---

[1] Plaintiff's Letter, February 26, 2014, Item 126.

responded to Plaintiff's request by denying his implied Motion for an Order to Transport.[2] In the letter, the Court explained that this Court could not require that Plaintiff be transferred to Delaware. The Court also noted that if Plaintiff were transported to Delaware, the State of Delaware would incur costs for care, food, and housing of Plaintiff, and that the Court could not require the State of Delaware to pay these expenses. Finally, the Court stated that, should the respective correctional authorities in Florida and Delaware agree to an arrangement that would permit Plaintiff to come to Delaware, the Court had no objection.

On August 20, 2014, the Court received a second letter from Plaintiff reiterating his request that he be transported for trial.[3] Plaintiff asked, rhetorically, how the Court plans to conduct a five-day trial with the Plaintiff in Florida and everyone else in Wilmington. On September 9, 2014, the Court sent Plaintiff a letter in response, explaining that it is the plaintiff's responsibility to determine how to successfully prosecute the case.[4] The Court noted that it is aware of the challenges that Plaintiff will face in presenting this case, but the Court cannot provide any advice on how to meet these challenges.

On September 22, 2014, Plaintiff filed a Motion to Transport with the Prothonotary.[5] In the Motion, Plaintiff argued that the Court erred in denying his previous requests for an Order to Transport. Plaintiff argued that while incarcerated plaintiffs do not have an absolute right to be physically present at trial, there are several factors that the Court must consider, including (1) whether the plaintiff's presence will substantially further the resolution of the case; (2) the expense and potential security risk associated with transportation and housing; and (3) the

---

[2] Court's Letter, March 28, 2014, Item 141.
[3] Plaintiff's Letter, August 20, 2014, Item 179.
[4] Court's Letter, September 9, 2014, Item 186.
[5] Motion, Item 190.

likelihood that a stay pending the plaintiff's release will prejudice the proceedings.[6] Plaintiff further argued that Plaintiff's credibility is a critical issue in this case, and the Plaintiff's credibility can only be adequately determined by the fact finder with the help of Plaintiff's presence.[7] Plaintiff suggested that in enacting 10 *Del. C.* §8145, the Delaware legislature already took into account the expense of providing a remedy to plaintiffs such as himself whose causes of action were previously barred by the statute of limitations.

The Court denied Plaintiff's Motion to transport on the grounds that, as Plaintiff recognized in his Motion,[8] there is no constitutional right for an incarcerated plaintiff to be present at his civil trial, but rather that it is a matter of judicial discretion.[9] The Court found the instant case importantly distinguishable from cases in other jurisdictions where the courts have ordered prisoner-plaintiffs transported.[10] Unlike in the cases cited by Plaintiff, Plaintiff is incarcerated in a different jurisdiction from the court system in which his civil claim is proceeding. The Court found that it had no authority to require the Florida correctional system to act in any specific fashion, which would implicate questions of state sovereignty.[11] While the Court recognized that the credibility of Plaintiff will be a significant issue in the trial, there are sufficient alternatives available, given modern technology, to in-person testimony, such as participation by videoconference.[12]

In the interim between Plaintiff's September 22, 2014 Motion to Transport and the instant Motion, the Court decided to defer decision on Defendant's two motions to exclude testimony

---

[6] Motion, Item 190 (*citing Hawks v. Timms*, 35 F.Supp.2d 464, 465-66 (D. Md. 1999)).
[7] Motion, Item 190 (*citing Latiolas v. Whitley*, 93 F.3d 205 (5th Cir. 1996)).
[8] Motion, Item 190.
[9] Opinion, Item 201, at 21 (*citing Chesapeake Utilities Corp. v. Hopkins*, 340 A.2d 154, 155 (Del. 1975)).
[10] Opinion, Item 201, at 23.
[11] Opinion, Item 201, at 23.
[12] Opinion, Item 201, at 24.

from Plaintiff's proffered experts.[13]  The Court extended Plaintiff 90 days to supplement the record to identify a specific causation expert and the content of this expert's testimony in accordance with Rule 26.[14]  The trial date was postponed and will be rescheduled upon resolution of these matters.[15]

### III. THE INSTANT MOTION

On February 18, 2015, Plaintiff filed the instant Motion to Transport.[16]  In the instant Motion, Plaintiff asks the Court to enter an Order to Transport directing the New Castle County Police Department or the Delaware State Police to "take custody of the plaintiff and transport him to the New Castle County Jail to be held a sufficient time prior to the March 19, 2015 Pre-Trial Conference and other proceedings in this case."[17]

Plaintiff does not advance any different arguments, substantively, or provide any different authority than in his previous requests to be transported.  He argues simply that "Plaintiff has the necessity to be present due to his pro se status and [he is] currently incarcerated in the Florida Department of Corrections which makes a trial virtually impossible without his physical presence in the courtroom."[18]

---

[13] Opinion, Item 211.
[14] Opinion, Item 211, at 17.
[15] Opinion, Item 211, at 17, n.98.
[16] Motion, Item 206.
[17] Motion, Item 206.  At the time, the Pretrial Conference was scheduled for March 19, 2015 and trial was scheduled for April 13.  Both dates have been rescheduled, as noted, *infra*.
[18] Motion, Item 206.

5

## CONCLUSION

For the reasons stated previously,[19] and upon further consideration finding no legal basis to rule differently, the Motion is **DENIED**.

**IT IS SO ORDERED.**

_____/s/_____

**M. JANE BRADY**
Superior Court Judge

---

[19] Opinion, Item 201.