IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SCOTT VANGORDER, | § | |
| | § | No. 390, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S25C-03-013 |
| AARON S. VANGORDER and | § | |
| PAMELA S. BAILEY, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: April 10, 2026
Decided: June 17, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## <u>ORDER</u>

(1)     Appellant Scott VanGorder,[1] acting without a lawyer's assistance, filed a complaint seeking to recover vehicles and other property that appellees Aaron VanGorder and Aaron's mother, Pamela Bailey, allegedly misappropriated from Scott while he was incarcerated. The Superior Court dismissed the complaint, with prejudice, on the grounds that Scott (i) had not shown that either defendant had been served and (ii) did not appear for the hearing on the defendants' motion to dismiss.

---

[1] Appellant Scott VanGorder is appellee Aaron VanGorder's father. For clarity, we use first names to refer to the VanGorders. No disrespect or familiarity is intended.

After the Superior Court denied Scott's motion for reargument, Scott appealed to this Court. For the reasons discussed below, we reverse.

(2)     Scott and Aaron were both incarcerated—Scott in New Jersey and Aaron in Maryland—for the duration of the Superior Court case. The action in Superior Court was initiated on March 12, 2025, by the filing of a letter from Scott to the court describing his claims. Scott's letter was accompanied by a letter to the prothonotary from Scott's mother, Valerie Mont, stating that she was acting as Scott's power of attorney and requesting that proceedings be conducted by Zoom teleconference because Scott and Aaron were incarcerated. On March 13, 2025, the Superior Court entered an order providing that Mont could not act on Scott's behalf in the litigation and court staff would not communicate with her; directing Scott to file an amended complaint that complied with the court's rules by April 25; and instructing Scott that he would need to obtain long-arm jurisdiction over Aaron because Aaron was located out of state.[2] The court further ordered: "[P]roceedings will not take place by Zoom. This Court will not undertake to arrange Zoom proceedings with prison facilities that are out of state. Plaintiff must appear in person for any Court proceedings. Failure to attend those proceedings in person will result in a dismissal for failure to prosecute."

---

[2] Bailey was also located out of state, in New Jersey.

(3) Scott filed an amended complaint on April 10, 2025. On April 28, 2025, the prothonotary issued summonses for long-arm service on the defendants. On June 11, 2025, Scott filed an affidavit of service stating that he had served both defendants by "mail via regular and certified" on April 29. The affidavit stated that Aaron "was in receipt" on May 1 and enclosed a copy of the certified mail receipt, which was signed by Carol Oney as "agent" of the addressee, with a date of delivery of May 1, 2025, and showed that the certified mail was addressed to Aaron at his correctional facility in Maryland. As to Bailey, Scott's affidavit stated that the postal service had attempted delivery several times but that a "return to sender notice was made" on May 24. Scott requested default judgment. Court staff responded with a letter instructing Scott that he was required to file a motion for default judgment in person or through an attorney.

(4) On July 8, 2025, the defendants filed a motion to dismiss. The bulk of the twenty-four-paragraph motion responded to the substance of Scott's complaint, but the final paragraph asserted that they had not been properly served. A cover letter from Bailey requested that the court provide her and Aaron's case manager at the Maryland correctional facility with "a document requesting [Aaron's] presence for any upcoming hearings regarding this case with dates and times along with Zoom Link information. [The Maryland correctional facility] will only accept documents from the court requesting an inmate to appear for a Zoom Meeting." The motion was

accompanied by a notice that the motion would be heard at the Sussex County Superior Court on Friday August 15, 2025, at noon.

(5)    Scott filed a motion for default judgment on July 14, 2025, and responded to the defendants' motion to dismiss on July 17. Among other things, the response asserted that the defendants' motion to dismiss was late because it was filed more than thirty days after the defendants were served as described in the affidavit of service. The response inquired whether Scott should request a continuance of the August 15 hearing in order to prepare a rebuttal to the defendants' claims or whether the court would grant his motion for default judgment.

(6)    On August 4, 2025, the defendants filed a response to Scott's motion for default judgment. The defendants asserted that Scott failed to properly serve them because they received only the summons, not the complaint. They stated that they did not know the nature of the case until "Bailey was advised by a third party to contact the court." Bailey contacted the court on June 12, 2025, and the court provided her with a copy of the complaint. The defendants also stated that Scott did not serve them with the motion for default judgment and only became aware of the motion when Bailey again contacted the court.

(7)    On August 11, 2025, Scott filed a request for a continuance of the August 15 hearing so that he could further respond to the motion to dismiss. Scott

4

also requested that the court send Zoom information to the correctional facility where he was housed so that he could attend the hearing.

(8) On August 15, 2025, the court convened the hearing on the motion to dismiss. Bailey attended by Zoom; Scott and Aaron were not present. The court ruled from the bench that the complaint would be dismissed with prejudice for lack of service.[3] The court reasoned that Scott's certificate of service indicated that the mail to Bailey had been returned and that, although the mail to Aaron had been delivered to the correctional facility, there was no evidence that Aaron personally received it.[4] The court also stated that it had informed Scott on March 13 that he would be required to appear in person for proceedings and that it was "not the responsibility of the Court to arrange Zoom proceedings with prison facilities that are not in Delaware."[5] Following the hearing, the court entered an order consistent with the bench ruling.

(9) Scott moved for reargument. He stated that the correctional facility would permit him to attend court proceedings by Zoom and questioned why the court would not permit him to participate by Zoom. He asserted that none of the mail had been returned except the certified mail to Bailey; Bailey had acknowledged actual receipt of the complaint from the court; and the defendants therefore had been

---

[3] Appendix to Opening Brief at A55.
[4] *Id.*
[5] *Id.* at A55-56.

properly served. He pointed out that he had requested a continuance of the August 15 hearing and asked "to have this case re-heard, to be able to properly prepare and to be able to attend any proceedings." The court denied the motion for reargument, concluding that Scott had not presented any new information demonstrating that service was perfected on either defendant or that he would be able to prosecute the complaint in person as ordered.

(10)   Now aided by counsel on appeal, Scott argues that the Superior Court erred by implicitly denying Scott's motion to continue the motion to dismiss hearing and by denying Scott's request to participate by teleconference. Scott further contends that the court erred in its determination as to service and by not giving Scott the opportunity to demonstrate good cause for extending the time to effect service. Finally, he argues that, to the extent dismissal was appropriate, the dismissal should have been without prejudice.

(11)   After careful consideration, we conclude that the Superior Court erred by dismissing the action because Scott did not appear for the motion to dismiss hearing. Although a plaintiff's incarceration imposes significant practical limitations on the ability to pursue litigation,[6] an incarcerated person maintains a right to seek

---

[6] *See generally Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) ("[L]awful incarceration necessarily limits an inmate's right to plead and manage his own case personally.").

redress in the courts through civil litigation.[7] The Superior Court has discretion as to the "method by which [an incarcerated plaintiff] will be permitted to pursue his" claims,[8] and the court need not adopt unduly burdensome procedures to accommodate an incarcerated litigant. But the trial courts frequently permit parties to participate by teleconference, particularly for non-evidentiary hearings. Here, in an order entered one day after Scott commenced the action, the court prospectively barred his participation by teleconference and required his personal appearance for any proceeding. The court declined to provide teleconference information to Scott for the motion to dismiss hearing, even though Scott informed the court that the correctional facility would permit him to appear by Zoom; there is no indication in the record that providing teleconference credentials to Scott would have imposed a greater burden on court staff than applies for any other litigant. The court then dismissed the action with prejudice at a hearing at which the unincarcerated defendant, Bailey, was permitted to appear by Zoom and the incarcerated defendant

---

[7] *See Chesapeake Utilities Corp. v. Hopkins*, 340 A.2d 154, 155-56 (Del. 1975) ("By virtue of [Article 1, Section 9 of the Delaware Constitution], the common law doctrine of civil death, including its concomitant rule denying a sentenced felon the right to bring any legal or equitable action, is not the law of Delaware. A chose in action, such as Hopkins' claim for personal injuries, is a property right. Hopkins may not be deprived of that property right without 'remedy by the due course of law' guaranteed to him by the Delaware Constitution.").

[8] *Id. Cf. also McLeod v. McLeod*, 2014 WL 7474337, at *11 (Del. Super. Ct. Dec. 20, 2014) (denying personal-injury plaintiff's motion for an order requiring his transport from a Florida prison to Delaware for trial, and stating: "While it is true that the case will likely turn on the credibility of Plaintiff, if Plaintiff is unable to arrange his attendance, there are sufficient alternatives available to in-person testimony. Technology would allow, and the Court would permit, participation by videoconference, if Plaintiff were to secure approval from the Florida correctional facility.").

did not appear. Under these circumstances, the dismissal was not the result of an appropriate exercise of judicial discretion but of a categorical bar on Scott's ability to pursue his case.[9]

(12)   We further conclude that the Superior Court erred by implicitly denying Scott's request for a continuance of the motion to dismiss hearing and dismissing with prejudice for lack of service. Rule 4(j) of the Superior Court Rules of Civil Procedure provides that if service is not completed within 120 days of the filing of the complaint "and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant *without prejudice*."[10] In his "affidavit of service," Scott stated that both defendants were "sent mail via regular and certified" on April 29, 2025; Aaron's certified mail was delivered and signed for on May 1; and Bailey's certified mail was returned. As discussed above, Scott was not permitted to appear for the motion to dismiss hearing, at which the court determined that service was not perfected because (i) the mail to Bailey had been returned and (ii) although the mail to Aaron had been delivered to the correctional facility, there was no evidence that Aaron personally received it. In his motion for reargument, Scott stated it was "most

---

[9] *Cf. Holt v. Pitts*, 619 F.2d 558, 562-63 (6th Cir. 1980) (holding that district court properly exercised its discretion when it denied incarcerated plaintiff's request for an order requiring his transport from one federal penitentiary to another for a motion hearing, but abused its discretion by dismissing the plaintiff's action for failure to prosecute when he did not appear for the hearing).
[10] DEL. SUPER. CT. R. CIV. PROC. 4(j) (emphasis added).

likely not possible" for him to prove that Aaron personally received the mail, and he argued that service by regular mail was sufficient and that "no U.S. mail was returned except the certified mail sent to Pamela S. Bailey."

(13)   Title 10, Section 3104(d) of the Delaware Code provides:

(d) When the law of this State authorizes service of process outside the State, the service, when reasonably calculated to give actual notice, may be made:
(1) By personal delivery in the manner prescribed for service within this State.
(2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.
(3) By any form of mail addressed to the person to be served and requiring a signed receipt.
(4) As directed by a court.[11]

Service by regular mail on a defendant located in Delaware generally is not sufficient. But the defendants in this case were not located in Delaware. Bailey was located in New Jersey and Aaron was incarcerated in Maryland, and the Superior Court did not consider, under Section 3104(d)(2), whether those states' laws permitted service by regular mail. Moreover, under Section 3104(d)(3), the defendants were subject to service "[b]y any form of mail addressed to the person to be served and requiring a signed receipt." Despite Scott's representation that the

---

[11] 10 *Del. C.* § 3104(d); *see also* DEL. SUPER. CT. R. CIV. PROC. 4(f)(1)(VI) ("Whenever a statute, rule of court or an order of court provides for service of summons or of a notice or of an order in lieu of summons upon a party not an inhabitant of or found within the State, service shall be made under the circumstances and in the manner prescribed by the statute, rule or order.").

certified mail to Aaron was not returned, the Superior Court determined that service was not perfected because Scott did not show that Aaron personally received the mail. We find no basis for the court's determination that such proof was required. Moreover, Scott's *pro se* filings made clear that he was diligently attempting to do what was required and that he sought additional time to cure any deficiencies. For these reasons, we conclude that the Superior Court erroneously dismissed the action based on lack of service.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be REVERSED. The matter is remanded for further proceedings consistent with this order.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice